# United States District Court
## Eastern District of Michigan

| United States of America | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| William Colston | Case Number: 12CR20186-0 |
| | USM Number: 47319-039 |
| | |
| | James F. Piazza |
| | Defendant's Attorney |

**THE DEFENDANT:**

■ Pleaded guilty to count(s) **1 of Information**.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 16:668dd(c)(f) | Knowingly Disturbing, Injuring, and Possessing Real Property of the United States | December 2011 | 1 |

The defendant is sentenced as provided in pages **2 through 5** of this judgment. This sentence is imposed pursuant to the Sentencing Reform Act of 1984

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

November 5, 2012
Date of Imposition of Judgment

s/Charles E. Binder
United States Magistrate Judge

November 8, 2012
Date Signed

AO245B [Rev. 12/03] Judgment in a Criminal Case
Sheet 4- Probation
1:12-cr-20186-CEB-CEB   Doc # 11   Filed 11/09/12   Pg 2 of 5   Pg ID 46

Judgment-Page 2 of 5

DEFENDANT:  William Colston
CASE NUMBER:  12CR20186-0

## PROBATION

The defendant is hereby sentenced to probation for a term of:  twelve (12) months of non-reporting probation.

The defendant shall not commit another federal, state or local crime.

If the defendant is convicted of a felony offense, DNA collection is required by Public Law 108-405.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.  Revocation of Probation is mandatory for possession of a controlled substance.

■ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

**1)**  the defendant shall not leave the judicial district without the permission of the court or probation officer;

**2)**  the defendant shall report ot the probation officer and shall submit a truthful and complete written report within the first five days of each month;

**3)**  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

**4)**  the defendant shall support his or her dependents and meet other family responsibilities;

**5)**  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

**6)**  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

**7)**  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

**8)**  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

**9)**  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

**10)**  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

**11)**  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

**12)**  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

**13)**  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

**14)**  the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  Revocation of supervised release is mandatory for possession of a firearm.

DEFENDANT:  William Colston
CASE NUMBER:  12CR20186-0

# CRIMINAL MONETARY PENALTIES

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS:** | $ 25.00 | $ 1,000.00 | $ 33,000.00 |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| U.S. Fish and Wildlife Service | $7,000.00 | $7,000.00 | |
| Seney Natural History Association | $26,000.00 | $26,000.00 | |
| **TOTALS:** | $ 33,000.00 | $ 33,000.00 | |

Restitution amount ordered pursuant to plea agreement **$33,000.00**

The court determined that the defendant does not have the ability to pay interest and it is ordered that:

**the interest requirement is waived for the fine and restitution**

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:  William Colston
CASE NUMBER:  12CR20186-0

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

The special assessment and fine are due and payable within 24 hours.  Restitution shall be paid in full on or before February 8, 2013.

DEFENDANT:  William Colston
CASE NUMBER:  12CR20186-0

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:
[A] Lump sum payment of **$1,025.00** due immediately, balance due not later than February 8, 2013..

Unless the court has expressly ordered otherwise in the special instructions above, while in custody, the defendant shall participate in the Inmate Financial Responsibility Program.  The Court is aware of the requirements of the program and approves of the payment schedule of this program and hereby orders the defendant's compliance.  All criminal monetary penalty payments are to be made to the Clerk of the Court, except those payments made through the Bureau of Prison's Inmate Financial Responsibility Program.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.